**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

LORRAINE ADAMS, DENISE
DURANTE, YVETTE HANKERSON,
LYNNE HOWELL, ANN MARIE
SEGATORE-PETTIS, AMANDA VEIGH,
JULIA WRIGHT and SYLVIA MORRIS,

    Plaintiffs,

v.                                                                                    Case No: 8:14-cv-2771-T-30TBM

SENIOR HOME CARE, INC. and
LYNNE HEBERT,

    Defendants.

## ORDER

THIS CAUSE comes before the Court on the parties' Joint Motion to Consolidate Related Cases (Dkt. 47). Specifically, Plaintiffs and Defendants, together, move to consolidate this action with the following related cases, all of which have been assigned to this Court: *Allen, et al. v. Senior Home Care, Inc.; Lynne Hebert*, No. 8:15-cv-1794-T-30EAJ (M.D. Fla.); *Beckworth v. Senior Home Care Inc., et al.*, No. 8:15-cv-01691-JSM-TGW (M.D. Fla.); *Fields, et al. v. Senior Home Care, Inc.; Lynne Hebert*, No. 8:15-cv-01629-JSM-JSS (M.D. Fla.); *Johnson, et al. v. Senior Home Care, Inc.; Lynne Hebert*, No. 8:15-cv-01670-JSM-TGW (M.D. Fla.); *Ladenheim, et al. v. Senior Home Care, Inc.; Lynne Hebert*, No. 8:15-cv-01730-JSM-AEP (M.D. Fla.).

On June 9, 2015 this Court granted the parties' (in this action) joint motion to reopen the case for the purpose of reviewing a proposed global settlement. (Dkt. 43). The parties in the related cases thereafter jointly moved to transfer venue to this District, Tampa Division, so that those pending actions—and their settlement agreements—could be consolidated with this action under Federal Rule of Civil Procedure 42(a).

This action and those above-named actions the parties seek to consolidate all allege violations of the Fair Labor Standards Act, ("FLSA"). 29 U.S.C. §§201-219. Specifically, they all allege unpaid overtime on a theory that the Defendants—the same Defendants in each case—misclassified the plaintiffs as exempt employees. Further, the plaintiffs in all the cases are represented by the same counsel, as are the defendants.

Consolidation of these cases is appropriate under Federal Rule of Civil Procedure 42(a) and binding case law. *See Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985) (encouraging trial judges to "make good use of Rule 42(a) . . . in order to expedite the trial and eliminate unnecessary repetition and confusion") (quoting *Dupont v. Southern Pacific Co.*, 366 F.2d 193, 195 (5th Cir. 1966)).

It is therefore ORDERED AND ADJUDGED that:

1. The parties' Joint Motion to Consolidate Related Cases (Dkt. 47) is GRANTED.

2. The following actions—*Allen, et al. v. Senior Home Care, Inc.; Lynne Hebert*, No. 8:15-cv-1794-T-30EAJ (M.D. Fla.); *Beckworth v. Senior Home Care Inc., et al.*, No. 8:15-cv-01691-JSM-TGW (M.D. Fla.); *Fields, et al. v. Senior Home Care, Inc.; Lynne Hebert,* No. 8:15-cv-01629-JSM-JSS (M.D. Fla.); *Johnson, et al. v. Senior Home*

*Care, Inc.; Lynne Hebert*, No. 8:15-cv-01670-JSM-TGW (M.D. Fla.); and *Ladenheim, et al. v. Senior Home Care, Inc.; Lynne Hebert*, No. 8:15-cv-01730-JSM-AEP (M.D. Fla.)—are hereby consolidated with this action, *Adams et al. v. Senior Home Care, Inc. et al.*, No. 8:14-cv-2771-T-30TBM (M.D. Fla.).

3. All future pleadings shall be filed using the following case name and number: *Adams et al. v. Senior Home Care, Inc. et al.*, No. **8:14-cv-2771-T-30TBM**.

**DONE** and **ORDERED** in Tampa, Florida, this 9th day of September, 2015.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\Odd\2014\14-cv-2771 - FLSA Order to Consolidate.docx